IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL AZIZIAN JOVAN,<br><br>Defendant. | CR 17–02–BU–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Michael Azizian Jovan's Motion for Early Termination of Supervision. (Doc. 35.) Mr. Jovan pled guilty to one count of wire fraud, in violation of 18 U.S.C. § 1343, and, on September 21, 2017, was sentenced to a custodial sentence of 42 months, followed by 3 years of supervised release. (Doc. 27 at 1–3.) Mr. Jovan began his period of supervised release in March 2020 and is currently supervise by the United States Probation Office for the District of Nevada. (Doc. 36 at 2, 10.) Mr. Jovan now seeks the premature termination of his remaining term of supervised release, which is set to terminate in March 2023. (Doc. 35.) Neither the United States Attorney's Office nor the United States Probation Office objects to the motion. (Docs. 36 at 10; 38 at 2.)

Under federal law, this Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a

1

term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, [1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Mr. Jovan began his three-year term of supervised release on March 13, 2020, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Mr. Jovan's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Mr. Jovan waives it, or if the proposed modification is favorable to him and the United States' does not object. The premature termination of Mr. Jovan's supervised release is obviously favorable to him and the United States does not object. (Doc. 38 at 2.) Accordingly, the Court will dispose of this matter without a hearing.

among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a). This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

The Court finds that consideration of the foregoing factors supports the early termination of Mr. Jovan's remaining term of supervised release. Although the underlying offense conduct is serious, Mr. Jovan's conduct while on supervised release is commendable. Mr. Jovan has fully complied with the conditions of his supervision and continues to make restitution payments to his victims. He states that he "recognizes what he owes to his victims, both in terms of criminal restitution but also in a deeper moral sense." (Doc. 36 at 9; *see also* Doc. 36-1 at 1.) Mr. Jovan also notes that "[d]espite his status as a felon, and the disruption to the job market caused by the COVID-19 pandemic," he has maintained employment since his release from the halfway house. (Doc. 36 at 9; *see also* Doc. 36-1 at 1.) Mr. Jovan submitted proof of his completion of the MEN S.T.O.P. Program, Leadership Course, Circles Course, Public Speaking Course, and Facilitator Course. (Doc. 36-1 at 2, 12–14, 16.) Mr. Jovan also provided proof of his participation in FCC Victorville's Resume Writing, Tutor Training, Job Fair, Health Fair, Gambling in

Prison Self-Study, Ready to Work, Compulsive Gamblers, and Community Transition programs. (Doc. 36-1 at 3–11, 15.) Mr. Jovan seeks early termination of his supervised release in order to "relocate away from Las Vegas which offers very limited opportunities outside of the travel & tourism industry . . . [and] move closer to [his] son" with whom he hopes to "rebuild a healthy relationship." (Doc. 36-1 at 1.)

Accordingly, IT IS ORDERED that the motion (Doc. 35) is GRANTED.

IT IS FURTHER ORDERED that Mr. Jovan's remaining term of supervised release is TERMINATED as of the date of this Order. The Clerk of Court is directed to notify the United States Probation Office for the District of Nevada of the making of this Order.

DATED this 1st day of February, 2023.

_____
Dana L. Christensen, District Judge
United States District Court